IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 95-60284
Conference Calendar
_____


JARVIOUS COTTON,

                                        Plaintiff-Appellant,

versus

EDWARD HARGETT, SUPERINTENDENT,
MISSISSIPPI STATE PENITENTIARY;
SUZI STEIGER; EDDIE M. LUCAS;
ALBERT KIM SHOWERS,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:93-CV-255-B-D
- - - - - - - - - -

August 22, 1995

Before KING, JOLLY, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Jarvious Cotton filed this action pursuant to 42 U.S.C.

§ 1983, alleging that the defendants conspired to violate his

constitutional right to due process because he was prevented from

meeting with the classification committee regarding his request

_____

    [*]    Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."  Pursuant to that Rule, the court has determined
that this opinion should not be published.

for a change in job assignment. The district court dismissed his action as frivolous pursuant to 28 U.S.C. § 1915(d).

Cotton argues that the defendants deprived him of a liberty interest created by Miss. Code Ann. §§ 47-5-101 and 103 (1981) to meet with the classification committee. Under Mississippi law, Cotton had no right to a particular classification. §§ 47-5-99 – 47-5-103; Tubwell v. Griffith, 742 F.2d 250, 253 (5th Cir. 1984). Likewise, a prisoner has no due process right to a particular job assignment. McFadden v. State, 580 So.2d 1210, 1215 (Miss. 1991); Wallace v. Robinson, 940 F.2d 243, 248-49 (7th Cir. 1991), cert. denied, 503 U.S. 961 (1992).

There is no language in § 47-5-103 which would suggest that Cotton had a right to meet with the classification committee on his request for change in job assignments. Cotton did not allege that in order to obtain a transfer to the Chaplain's department, he would require a change in his custody classification.

In Sandin v. Conner, 115 S. Ct. 2293, 2300-01 (1995), the Court stated that the reviewing court should consider the nature of the challenged state action and whether it involved such a significant departure from normal prison conditions that the state might have conceivably created a liberty interest. The nature of the complained of action, denial of Cotton's request for a change in job assignments, is not in the realm of the "atypical and significant hardship" which would give rise to a protected liberty interest requiring any particular procedures. Id. at 2300.

Cotton's claim has no arguable basis in law.  The district court did not abuse its discretion in dismissing Cotton's suit as frivolous.  See Denton v. Hernandez, 504 U.S. 25, 31-34 (1992).

APPEAL DISMISSED AS FRIVOLOUS.  See 5th Cir. R. 42.2. Cotton is warned that filing further frivolous appeals will result in the imposition of sanctions.